

FEB 2 0 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**UNITED STATES OF AMERICA**

v.                                                    Criminal Action No. **3:12CR85**

**DWANE WASHINGTON**

### MEMORANDUM ORDER

Dwane Washington has submitted motions asking for an extension of time in which to file a motion under 28 U.S.C. § 2255. Federal courts, however, lack jurisdiction to consider the timeliness of a § 2255 motion until it is actually filed. *Gregory v. Bassett*, No. 3:07cv790, 2009 WL 455267, at *2 (E.D. Va. Feb. 23, 2009) (citations omitted); *see United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007) (holding that no case or controversy existed before § 2255 motion was actually filed (citing *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000))). Because a § 2255 motion did not accompany Washington's motions for an extension of time and because the motions do not contain any cognizable claims for habeas relief, Washington's motions for an extension of time (ECF Nos. 129, 132, 135) are DENIED. *See Ramirez v. United States*, 461 F. Supp. 2d 439, 440-41 (E.D. Va. 2006) (citations omitted).

Washington's request for the appointment of counsel (ECF Nos. 131, 134) are DENIED for the reasons set forth in the Memorandum Order entered on January 6, 2015.

On January 6, 2015, the Court received a letter from Washington stating he needed a subpoena and that he had written letters to the Court requesting documents, but had received no response. (ECF No. 128.) To the extent Washington wishes the Court to issue a subpoena, he must file an appropriate motion with supporting memorandum. *See* E.D. Va. Loc. Civ. R. 45 (requiring that all requests for subpoenas by a *pro se* party "be accompanied by a memorandum

setting forth the names and the addresses of [the] witnesses or the documents requested and why and for what purpose or purposes"). Furthermore, the record reveals that the Clerk responded to Washington's request for documents. (ECF No. 126-2, at 1.) Accordingly, the Court DENIES Washington's requests for relief contained in his letter (ECF No. 128).

On January 12, 2015, the Court received from Washington a Motion Requesting Documents Filed Under Seal and a Motion for Transcript of Hearing. (ECF No. 130.) Copies of documents are provided to indigent litigants at government expense only upon a showing of particularized need. Washington fails to make any showing of particularized need. Rule 2(b) of the Rules Governing Section 2255 Proceedings requires only that the facts in support of a claim for relief be set forth in summary form. With respect to the transcript, Washington can rely upon his own recollection of the court proceeding. *See United States v. Butler*, 178 F. App'x 327 (4th Cir. 2006) (citing *United States v. Shoaf*, 341 F.2d 832, 835 (4th Cir. 1964)). Washington is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Accordingly, Washington's requests in his January 12, 2015 letter (ECF No. 130) are DENIED.

The Clerk is DIRECTED to forward to Washington the form for filing a motion under 28 U.S.C. § 2255. Any § 2255 motion that Washington files must conform to the rules governing such motions and be sworn to under the penalty of perjury. *See* Rules Governing § 2255 Proceedings for the U.S. District Courts, Rule 2(b). Washington is also advised that § 2255 motions are subject to a one-year statute of limitations and a restriction against second or successive petitions. *See* 28 U.S.C. § 2255(f), (h).

2

The Clerk is DIRECTED to send a copy of the Memorandum Order to Washington and counsel for the United States.

It is so ORDERED.

/s/

David J. Novak
United States Magistrate Judge

Date:   February 20, 2015
Richmond, Virginia

3